**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| BARBARA JONES § | |
| § | |
| v. § | Case No. 6:11-cv-233 |
| § | |
| UNITED STATES OF AMERICA § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Barbara Jones brings this suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), for injuries suffered when she fell at the Azalea Station Post Office in Tyler, Texas. With the agreement of the parties, the Court bifurcated the liability and damages portions of the case.

Plaintiff's amended complaint contains both a premises liability and a negligent activity claim. Defendant filed a motion for summary judgment seeking dismissal of both claims (Doc. No. 16). In response, Plaintiff abandoned her negligent activity claim, but continued to assert her premises liability claim. The Court denied Defendant's motion for summary judgment on the premises liability claim, and the case proceeded to a bench trial on April 17, 2012.

Having considered the parties' stipulations, the pleadings, the testimony and credibility of the witnesses, the evidence and exhibits, the arguments and briefs of counsel, and the applicable law, the Court finds Defendant is not liable for Plaintiff's injuries.

## BACKGROUND

In September 2007, Plaintiff Barbara Jones worked for Trinity Mother Frances Hospital (TMFH) in Tyler, Texas as an "outside carrier." Jones's job duties included picking up morning mail at the Azalea Station Post Office on South Broadway Avenue. To perform this task, she picked up mail from the post office boxes in the front of the post office and larger volume mail

from the back dock area of the post office.  In addition to paying the Postal Service to maintain post office boxes, TMFH had an agreement with the Postal Service that allowed TMFH to pick up its bulk mail at the back dock area.

The back loading dock area is used for deliveries and pickups.  The dock is a raised concrete platform that is approximately waist high from the parking area below.  At the south end of the loading dock is a scissor lift to accommodate loading and unloading of mail from larger trucks.  On the ground in front of the scissor lift are two painted lines that are 105 inches apart.  When using the lift, delivery truck drivers parked between the painted lines and backed up to two yellow posts on either side of the lift.  The trucks usually arrived at regular intervals between 4:30 a.m. and 8:00 a.m.

The delivery drivers are required to place a chock block under their truck tires to keep the trucks from inadvertently moving during loading and unloading.  The chock block at the Azalea Station Post Office was made of steel and was attached to a chain.  At one time, the block was painted "safety" yellow.  But the color has faded, and much of the block is now brown.  The chock block was routinely left on the ground near the painted stripe on the south side of the scissor lift.

Jones was an outside carrier for many years and had a well-established daily routine for picking up the mail.  She arrived at the post office each morning around 6:00 a.m.  First, she parked in the front lot near Broadway to empty TMFH's post office boxes.  Next, she drove to the back loading dock to pick up the bulk mail.  When she entered the loading dock area, Jones performed a U-turn in front of the dock to position the trunk and passenger-side doors of her van close to the dock.  A post office employee then set the mail on the loading dock for Jones to pick up.

Over the several years that she picked up mail at the post office, Jones regularly saw the chock block in the dock area. Sometimes it was on the ground in the parking area of the dock, and sometimes it was up against the dock itself. The chock block was typically on the ground in front of the scissor lift—as opposed to on the dock—so truck drivers would not need to look for it when they arrived.

*Events of September 17, 2007*

On the morning of September 17, 2007, several postal employees arrived at work before 6:00 a.m. and entered through the back entrance near the loading dock. None of these employees noticed the chock block as they entered. Jones arrived shortly before 6:00 a.m. She followed her customary routine and positioned her van near the loading dock to load the mail. Jones did not notice anything unusual on the ground as she entered the loading dock area. The area looked the same as it did every morning, and there was enough light for Jones to see what she was doing. Shortly after she arrived in the dock area, postal employee Mike Hart brought the TMFH mail containers to the loading dock.

Jones then loaded the mail into her van. Jones's complaint alleges that as she was loading one of the mail containers, she tripped over the chock block and fell to the ground. At trial, Jones testified that her foot hit something hard and heavy that did not move when she tripped. After falling, she looked around and saw the chock block with the chain attached. She did not see anything else in the loading dock area that she could have tripped over. She does not know what foot allegedly hit the chock block. At trial, there was uncertainty about where Jones's van was parked in relation to the scissor lift, where Jones fell, and the location of the chock block at the time of her fall.

After the accident, Jones drove to the front of the post office to report the incident. Her written statement claimed that she "didn't see the tire stopper and fell over it." Although postal employees knew that the chock block was kept in the loading dock area, Tom Watson, the supervisor who took Jones's statement, had not seen the chock block that morning until he went to investigate the accident.

Plaintiff filed her premises liability complaint against the United States in May 2011. The Court denied Defendant's motion for summary judgment, and the case proceeded to a bench trial. Having heard the evidence and the arguments at trial, the Court issues the following findings of fact and conclusions of law. The findings of fact are limited to the relevant factual disputes raised at trial. All findings of fact are found to be true by a preponderance of the evidence. Any finding of fact more properly characterized as a conclusion of law is hereby adopted as such. Any conclusion of law more properly characterized as a finding of fact is hereby adopted as such.

## **FINDINGS OF FACT**

1. The facts set forth in the background section are hereby found by the Court to be true.
2. In September 2007, Barbara Jones was an employee of Trinity Mother Frances Hospital (TMFH).
3. Part of her job was to retrieve mail from the Azalea Station Post Office on South Broadway Avenue in Tyler, Texas.
4. On September 17, 2007, Jones pulled her van into the loading dock area of the post office to retrieve TMFH's bulk mail.
5. Postal employee Mike Hart placed mail containers on the loading dock near Jones's van.
6. Jones began to load the containers into her van.

7. As she walked around her van to load the last container, Jones tripped and fell, injuring her wrist and knees.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b).

2. Under the Federal Tort Claims Act, the United States is liable for certain torts in the same manner and to the same extent as private individuals under similar circumstances in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1).

3. Texas law applies in this case.

4. The duty owed by a defendant to a person injured on defendant's premises depends on the legal status of the injured party—that is, whether the plaintiff was an invitee, a licensee, or a trespasser. *See W. Invs., Inc. v. Urena*, 162 S.W. 3d 547, 550 (Tex. 2005).

5. An invitee is a person who enters the defendant's premises in response to an express or implied invitation by the defendant and for the benefit of both parties. *See Rosas v. Buddies Food Store*, 518 S.W. 2d 534, 536 (Tex. 1975).

6. Plaintiff Barbara Jones was an invitee on the premises of the Azalea Station Post Office because she entered the Postal Service's premises to retrieve TMFH's mail.

7. To prevail on a claim of premises liability as an invitee, Jones must show: (1) actual or constructive knowledge of some condition on the premises by the Postal Service; (2) that the condition posed an unreasonable risk of harm; (3) that the Postal Service did not exercise reasonable care to reduce or eliminate the risk; and (4) that the Postal Service's

failure to use such care proximately caused Jones's injuries. *Keetch v. Kroger Co.*, 845 S.W. 2d 262, 264 (Tex. 1992).

8. A condition constitutes an unreasonable risk of harm if an ordinarily prudent person could foresee that harm was a likely result of the condition. *See Buddies Food Store*, 518 S.W. 2d at 537.

9. Plaintiff failed to show by a preponderance of the credible evidence that the chock block created an unreasonably dangerous condition or an unreasonable risk of harm. Therefore, Plaintiff may not recover damages from Defendant on her premises liability claim.

10. Alternatively, under Texas law, a claimant may not recover damages if her percentage of responsibility is greater than 50%. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.001.

11. The Court finds that Jones was more than 50% responsible for her injuries. Therefore, under the Texas proportionate responsibility statute, Plaintiff may not recover damages from Defendant.

**It is SO ORDERED.**

**SIGNED this 14th day of May, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE