UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BARBARA JONES § | |
| § | |
| v. § | Case No. 6:11-cv-233 |
| § | |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM OPINION**

This Memorandum Opinion is filed in conjunction with the Court's Findings of Fact and Conclusions of Law entered in this case.  This Memorandum Opinion does not affect the Court's conclusion that Barbara Jones take nothing as a result of her suit.

I.     INTRODUCTION

Plaintiff brought this premises liability suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), for injuries suffered when she fell at the Azalea Station Post Office in Tyler, Texas.

At the time of her fall, Jones was employed by Trinity Mother Frances Hospital (TMFH) as an "outside carrier."  As part of her job, Jones retrieved mail from a post office box that TMFH maintained in the front of the post office. In addition, TMFH and the post office had an arrangement whereby Jones could come to the back loading dock area of the post office to retrieve higher volume "bulk mail," which the post office placed in bins and set on the loading dock for pick up.  This arrangement is known as a "caller service."  According to the testimony at trial, the post office had similar arrangements with other entities in Tyler who regularly received large amounts of mail.

In its motion for summary judgment, the proposed pretrial order, and closing argument at trial, the Government argued that Barbara Jones was an independent contractor.  Because she

was an independent contractor, the Government argued, the post office owed no duty to ensure that she did her job in a safe and workmanlike manner. The Government argued that the hospital had a non-delegable duty to ensure that Jones did her job safely. The Government also argued that it was fair to presume that Jones, as a driver using the dock, had been trained with respect to all aspects of mail delivery and pick up.

## II.   ANALYSIS

As a general rule in Texas, a premises owner is liable to an invitee for injuries resulting from all known and unreasonable risks of harm that the owner has not taken reasonable steps to reduce or eliminate. *Keetch v. Kroger Co.*, 845 S.W. 2d 262, 264 (Tex. 1992). In contrast, a premises owner is liable to its independent contractor's employees "only for claims arising from a pre-existing defect rather than from the contractor's work, and then only if the pre-existing defect was concealed." *Gen. Elec. Co. v. Moritz*, 257 S.W. 3d 211, 215 (Tex. 2008). A landowner's duty to independent contractors "is limited because control is being turned over to someone else in a way that is not true of shoppers, sightseers, or other business invitees." *Moritz*, 257 S.W. 3d at 215. The *Moritz* court went on to emphasize the significance of the contractor relationship:

> [O]ne who hires an independent contractor generally expects the contractor to take into account any open and obvious premises defects in deciding how the work should be done, what equipment to use in doing it, and whether its workers need any warnings. Placing the duty on an independent contractor to warn its own employees or make safe open and obvious defects ensures that the party with the duty is the one with the ability to carry it out.

*Id.* at 215-16.

The Government relied on *Cunningham v. United States*, 827 F. Supp. 415 (W.D. Tex. 1993), to support its argument that it had no duty to ensure that Jones performed her duties in a workmanlike manner. In *Cunningham*, the plaintiff was a commercial delivery driver for the San

Antonio Light Newspaper. *Id.* at 416. He delivered bulk newspapers to a United States Postal Service facility. *Id.* After unloading the newspapers from his truck, the plaintiff injured his ankle when he stepped down from the truck and onto a chock block. *Id.* In discussing the duties owed to independent contractors, the *Cunningham* court stated that the Postal Service had no duty to see that an independent contractor performed his work in a safe manner. *Id.* at 417. It also stated that a premises owner may assume that a contractor will perform his responsibility in a safe and workmanlike manner. *Id.* Finally, the court stated that the San Antonio Light Newspaper had a non-delegable duty to provide safety rules and regulations to the plaintiff and to ensure that the rules were followed. *Id.*

The *Cunningham* decision has been cited favorably in this district. *See Smith v. United States*, 727 F. Supp. 2d 533, 542-43 (E.D. Tex. 2010) (Davis, J.). But it is abundantly clear from the *Smith* case that the plaintiff was an employee of a government contractor and thus not in a similar situation as Jones. In *Smith*, the plaintiff's employer "provide[d] mail transportation services to the USPS pursuant to Transportation Services Contract HCR 754B8." *Id.* at 536. Judge Davis cited several provisions of the government contract, including provisions regarding who—between the contractor and the Postal Service—would be responsible for safety and training. *See id.*

The Government's reliance on *Cunningham* in this case is misplaced. Although the Government asserts that Jones was a contractor, it never alleged or offered as evidence a contract between TMFH and the post office or between Jones and the post office. The parties did agree that in addition to paying to maintain post office boxes, TMFH had an agreement with the post office that allowed TMFH to pick up its bulk mail at the back dock area. But this agreement does not make TMFH or Jones a contractor. The post office did not hire TMFH or Jones to

provide mail transportation or any other type of service.  *See Smith*, 727 F. Supp. 2d at 536. Rather, by maintaining post office boxes and taking advantage of the caller service, TMFH was a customer of the post office, availing itself of the services generally offered to the public. Moreover, the *Cunningham* decision is persuasive, but not binding authority on this Court.

### III.     CONCLUSION

Despite the Government's argument that Jones was a contractor, the Court still finds, for the reasons set forth in its Findings of Fact and Conclusions of Law, that the Government is not liable for Jones's injuries.

**It is SO ORDERED.**

**SIGNED this 14th day of May, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE